179 So. 535

**In re OPINIONS OF THE JUSTICES.**

**No. 45.**

Supreme Court of Alabama.

March 17, 1938.

Response of Question Propounded by Governor.

Question propounded by the Governor to the Justices of the Supreme Court under Code 1923, §§ 10290, 10291.

Question answered.

To the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama:

Gentlemen:

As Governor of Alabama, under provisions of Sections 10290–10292 of the Code of Alabama of 1923, as amended, Acts of Alabama 1927, page 103, I respectfully ask an advisory opinion concerning the following question:

Will the real and personal property owned and administered by Housing Authorities created under the Alabama Housing Authority Law, Acts of 1935, page 126, be exempt from ad valorem taxation either presumptively by implication of law as public property supported by taxation, or will it be exempt from ad valorem taxation under Section 91 of the Constitution of 1901?

Very respectfully,

Bibb Graves,
Governor.

Honorable Bibb Graves,
Governor of Alabama,
Montgomery.

Sir:

Your inquiry relates to the one question of whether the real and personal property of Housing Authorities created under the Act of 1935 (page 126) will be exempt from ad valorem taxation, either (1) because it is not expressly made taxable by

486

law, or (2) because, whether or not it may be otherwise taxable, it is exempt from the power of ad valorem taxation under section 91, Constitution.

 If the property referred to is to be owned by a municipal corporation, since it is not to be that of the state or a county, it will be exempt from the ordinary ad valorem taxes imposed by any authority under this state. This does not mean that it shall be exempt from improvement assessments. City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am.St.Rep. 45; Jefferson County v. City of Birmingham, Ala.Sup., 178 So. 226.[1] Nor that the taxing authorities may not impose excise taxes otherwise proper. City of Birmingham v. State, 233 Ala. 138, 170 So. 64.

The purpose to impose such tax is not to be implied, but clearly expressed, otherwise it will be presumed not to be intended. State v. City of Montgomery, 228 Ala. 93, 151 So. 856; City of Huntsville v. Madison County, supra.

The Housing Authority is to be a corporation brought into existence upon the order of a city government, public in nature, and charged with the duty of performing an important element of the police power of the city under whose sanction it shall come into existence. Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695; New York City Housing Authority v. Muller, 270 N.Y. 333, 1 N.E.2d 153, 105 A.L.R. 905; Spahn v. Stewart, 268 Ky. 97, 103 S.W.2d 651; Louisville v. Babb, 7 Cir., 75 F.2d 162; Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516; Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327.

It is clear that if the power conferred by the act in question were conferred on the city proper, the property made subject to its terms would be exempt under section 91, Constitution. When the city is performing a governmental function, it is none the less so because it is done by the instrumentality of some administrative agency, such as a board, commission, or even a corporation set up for that purpose, created by or for the city's use in that connection.

The mere fact that it is a corporation does not deprive it of the qualities of a governmental agency, nor of the immunities of the government for which it operates. Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114; Alabama Industrial School v. Adler, 144 Ala. 555, 42 So. 116, 113 Am.St.Rep. 58; Cox v. Board of Trustees of University of Alabama, 161 Ala. 639, 49 So. 814; White v. Alabama Insane Hospital, 138 Ala. 479, 35 So. 454.

The Housing Authority is an administrative agency of a city, and its property is therefore for certain purposes that of a municipal corporation and is entitled to the tax exemption of section 91, Constitution.

Respectfully submitted,
JOHN C. ANDERSON
Chief Justice
LUCIEN D. GARDNER
VIRGIL BOULDIN
JOEL B. BROWN
A. B. FOSTER
THOMAS E. KNIGHT
Associate Justices

