162 So.2d 480

**STATE ex rel. Roland J. RICHARDSON, Mayor of Cordova**

v.

**Chesley B. MORROW.**

**6 Div. 53.**

Supreme Court of Alabama.

March 26, 1964.

386

T. K. Selman and Hugh Beaird, Jasper, for appellant.

Hoyt Elliott, Jasper, for appellee.

involved the use of the streets of the municipality.

The case was submitted on the pleadings, exhibits, stipulations, and testimony. After hearing the court below rendered a judgment finding in favor of the respondent, Morrow, and annuled and quashed the writ of quo warranto. This appeal is from that decree.

The evidence is without dispute and shows that Morrow was elected a member of the Board of Directors of the Water Works and Gas Board of the City of Cordova, on 2 October 1962. On 5 February 1963, Roland J. Richardson, acting as Mayor of the City of Cordova, temporarily removed Morrow from said office and reported such action and his reasons therefor to the next regular meeting of the city council of Cordova. The city council did not sustain the Mayor in temporarily removing Morrow, and Morrow has continued to serve as a member of the aforesaid Board of Directors since that time.

The evidence also shows that Morrow for a number of years prior to his election to the aforesaid Board of Directors, and at the time of the hearing below, was an employee of the Alabama Power Company, a corporation holding or operating a franchise granted by the City of Cordova involving the use of the streets of the municipality.

HARWOOD, Justice.

In the court below the action was in the nature of a quo warranto proceeding brought in the name of the State of Alabama on the relation of Roland J. Richardson, individually, and as Mayor of the City of Cordova, Alabama, seeking to oust and exclude Chesley B. Morrow as a member of the Board of Directors of the Water Works and Gas Board of the City of Cordova. ·

The substance of the petition was that Chesley B. Morrow is ineligible to hold such office because he was and is now an employee of the Alabama Power Company, a corporation operating or holding a franchise granted by the City of Cordova which

Section 413, Title 37, Code of Alabama 1940, as amended, provides in parts material to this review as follows:

"No officer of any municipality shall, during his term of office, be employed, professionally or otherwise, by any corporation holding or operating a franchise granted by the city or the state involving the use of the streets of the municipality."

The only question of substance presented in this appeal is whether a member of the Water Works and Gas Board of the City of Cordova is an "officer" of the municipality within the meaning of Section 413, Title 37, supra.

The corporation on which the appellee serves as a member of its Board of Directors was created under the provisions of Sections 394–402(1), (Water Works Board) and of Title 37, Section 402(2)–402(14), (Operation and Control of Gas Plants and Systems). Under the latter code sections, those pertaining to the operation and control of gas plants and systems, a Water Works Board is authorized to acquire, maintain, and operate gas plants and systems. To all material aspects there is little difference between the powers and duties of the boards of directors of each corporation.

As stated in Harrington v. State, 200 Ala. 480, 76 So. 422:

> "The words 'office' and 'officer,' as used in certain statutes or constitutional provisions, may include certain positions, places, and persons, which would not be embraced within the meaning of the same words used in other statutes or other constitutional provisions.
>
> \*   \*   \*   \*   \*   \*
>
> "There are in legal parlance probably few words that have a greater variety of meanings, or shades of meaning, than the words 'office' and 'officer.' "

■■ A fundamental rule of statutory construction is to ascertain and give effect to the intention of the Legislature as expressed in a statute. City of Montgomery v. Montgomery City Lines, Inc., 254 Ala. 652, 49 So.2d 199. In construing a statute the court must look not only to the language of the statute, but the purpose and object of the enactment, and its relation to other laws and conditions which may arise under its provisions. Town of Graysville v. Johnson, 33 Ala.App. 479, 34 So.2d 708.

We think that the legislative intent and purpose to be served by Section 413 of Title 37 is clear, and that it was enacted on the basis that employment by a public utility holding a franchise granted by the city involving the use of the streets of the municipality was incompatible with serving as an officer of the municipality at the same time. The real basis of such incompatibility is the possibility of a conflict of interest between the interest of the municipality and the interest of the public utility.

Section 413, supra, is but a limited recognition of the common law principle which prohibited the holding of inconsistent and incompatible offices. As stated in Scott v. Strobach, 49 Ala. 477:

> "Incompatibility of offices existed at common law when from the nature of the offices \*  \*  \* the respective duties they imposed, or the relation they bore to each other \*  \*  \* or pure considerations of public policy, there was a manifest impropriety in one incumbent retaining both."

■ The Water Works and Gas Board of the City of Cordova is a corporation organized by law to perform its functions as an agency of the city. Therefore such Board is to be treated in the same light as the city itself in respect to the instant question. Water Works Board of City of Birmingham v. Stephens, 262 Ala. 203, 78 So. 2d 267.

■ The Board of Directors of the instant corporation is invested with the authority of fixing the rates for the services to be furnished by the corporation. This is a legislative or municipal power delegated by the City of Cordova to the said Board. Taxpayers and Citizens of City of Mobile v. Board of Water and Sewer Commissioners of City of Mobile, 261 Ala. 110, 73 So.2d 97.

■ The supplying of water and gas to a city and its inhabitants is a municipal function, and the Water and Gas Board of the City of Cordova is in that sense an agency of the city. Jackson v. Hubbard, 256 Ala. 114, 53 So.2d 723. When a city is performing a governmental function it is none the less so because the function is performed through the instrumentality of some agency, such as a board, commission, or corporation, created by the city and for the

city's purposes in that connection. In re Opinion of the Justices, 235 Ala. 485, 179 So. 535.

Under the statutes appertaining, the directors of the instant Board are elected by the governing body of the city, and may be removed by that body. When the indebtedness of the corporation is paid, title to the property of the corporation vests in the city, and the corporation is automatically dissolved. The corporation is thus but an arm of the city, and the Board of Directors must be deemed as exercising municipal functions in carrying out their duties.

While a municipal agency such as the one now under consideration, is a public corporation, and its indebtedness is not the indebtedness of the city, (Smith v. Water Works Board of City of Cullman, 234 Ala. 418, 175 So. 380; City of Mobile v. Board of Water and Sewer Commissioners, 258 Ala. 669, 64 So.2d 824), and a city Civil Service law does not apply to the employees of such a municipal agency, (Cole v. Sylacauga Hospital Board, 269 Ala. 405, 113 So. 2d 200), such doctrines cannot be deemed applicable to nor controlling of the present question which relates to and involves the incompatibility of holding a municipal office when employed by a corporation described in Section 413, supra.

■ It is common knowledge that a utility supplying electricity to a city such as the Alabama Power Company, is in strong competition with the one supplying gas. It is apparent therefore that one serving as director of a public corporation which supplies gas to a city and its inhabitants as an agency of the city, and who participates in fixing the rates and other matters pertaining to the operation of such corporation, is in a position incompatible with his employment by a corporation engaged in the competitive field of supplying electricity. A high gas rate would discourage the use of gas, and redound to the benefit of his employer, while a low gas rate would work in an opposite direction. It is this possibility of conflict of interest that Section 413, supra, intended to remove.

We wish to make it clear that there is not a scintilla of evidence in this record tending to indicate in any wise that this respondent has not fulfilled his duties as a director of the instant corporation in a competent and faithful manner. Yet, where the law is clear, exceptions cannot be made for individuals or for individual cases. Section 413, supra, is aimed at possibilities not at possible exceptions.

Counsel for appellee argues that because of the arrangement of appellant's brief it must be considered that he has grouped all of the assignments of error for argument, and one assignment being without merit all of the assignments must fail.

In brief counsel has set forth the assignments separately. Assignment of error No. 1 is to the effect that the trial court erred in annulling and quashing the writ of quo warranto of the appellant herein.

■ This assignment is in general terms. But the decree is a unit, and if erroneous in any respect the error permeates the entire decree and an assignment in general terms is sufficient. Murphy v. Pickle, 264 Ala. 362, 87 So.2d 844.

Under the argument as to assignment No. 1, counsel has referred to some eleven propositions of law previously set forth in his brief. He then proceeds to argue assignment No. 1 as a separate entity. All of the propositions of law are related and pertain to the argument under assignment No. 1.

■ Thereafter in argument counsel has set out each remaining assignment of error separately, but has adopted respectively for each such assignment the argument made in support of assignment No. 1. Such procedure does not constitute a grouping of all of the assignments for argument. Though the brief does not conform strictly to all technical requirements it is entirely sufficient to invite our review as to assignment No. 1. See Stiles v. Lambert, 39 Ala. App. 15, 94 So.2d 784, affd. 266 Ala. 184, 94 So.2d 788.

Being of the conclusion that under the facts and circumstances of this case the appellee should be considered as an officer of the City of Cordova because of his directorship on the city's Water and Gas Board, and his ineligibility to so serve resulting from the provisions of Section 413, supra, we of necessity consider the decree below erroneous. Accordingly, the judgment is reversed, and remanded to the court below with instructions to enter a decree in accord with this opinion.

Reversed and remanded with instructions.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.