163 So.2d 619

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 321 (AFL–CIO)**

v.

**WATER WORKS BOARD OF the CITY OF BIRMINGHAM.**

**6 Div. 13.**

Supreme Court of Alabama.

April 9, 1964.

Cooper, Mitch & Crawford and Stanford J. Skinner, Birmingham, for appellant.

Drayton T. Scott, Wm. F. Gardner and Cabaniss & Johnston, Birmingham, for appellee.

Henry T. Wilson, Washington, D. C., for American Federation of State, County and Municipal Employees, AFL–CIO, amicus curiae.

SIMPSON, Justice.

The question presented by this appeal is -res integra in this jurisdiction, viz.: Can a public agency in Alabama bargain with and enter into an enforceable collective agreement with a labor organization concerning the wages, hours, and conditions of employment of its employees in the absence of express constitutional or statutory authorization to do so? Appellant has represented the employees of appellee for some thirty years, during which period a series of twelve collective contracts were executed between the parties. (There is no question of union membership, per se, involved on this appeal.)

The lower court, in a declaratory judgment action, ruled, inter alia, that such a contract was ultra vires and unenforcible and therefore the relief sought by appellant (union) was denied.

This Court has been favored with excellent and exhaustive briefs from both appellant and appellee and also from amicus curiae which present every conceivable facet of arguments, citing numerous cases from other jurisdictions where the question has arisen.

Concededly, appellee, as the Water Works Board of the City of Birmingham, is a public agency and its employees are public employees. Water Works Board of City of Birmingham v. Stephens, 262 Ala. 203, 78 So.2d 267; Jackson v. Hubbard, 256 Ala. 114, 53 So.2d 723. See also State ex rel. Richardson v. Morrow, ante p. 385, 162 So.2d 480.

It appears from the cases cited to us in brief, and our research also reveals, that the strongest current of opinion from the highest courts of states where the question has been presented has ruled that a public agency has no legal authority to bargain or contract with a labor union in the absence of express statutory authority. Appellant argues to the contrary and asks us to adopt a rule that would permit such contracts or agreements where there is no statutory prohibition against collective bargaining.

The Supreme Court of Florida in Miami Water Works Local No. 654 v. City of Miami, 157 Fla. 445, 26 So.2d 194, 165 A.L.R.

967 (where the Union sought a declaratory judgment that the city might bargain with it) held, and we think correctly so, that the City was under no obligation to bargain with the Union and stated:

> "The City of Miami is a governmental entity created by the state. It derives its powers and jurisdiction from the sovereign authority. It is limited to the exercise of such powers ·as are expressly granted to it by the state, or as are necessarily and fairly implied in or incident to the powers expressly granted. * * * It is a public institution designed to promote the common interests of the inhabitants in their organized capacity as a local government. Its objects are governmental, not commercial. * * * It has no authority to enter into negotiations with the labor union, or any other organized group, concerning hours, wages, or conditions of employment * * *."

The Florida Court of Appeals (1963) in the case of Dade County v. Amalgamated Association of Street Electric Railway and Motor Coach Employees of America, 157 So.2d 176, held in part:

> " 'Unless clearly authorized to do so by the enactment of legislation, the plaintiffs would not be authorized and are not now authorized to enter into collective bargaining agreements, within the labor relations meaning of the term, with the defendants. * * *
>
> " 'The courts have said that as a general rule collective bargaining has no place in government service. The employer is the whole people. This is a government of law, not men. For the courts to hold otherwise than as I have just explained would be to sanction control of governmental functions not by laws but by men. Such policy, if followed to its logical conclusion, would inevitably lead to chaos.' "

The Supreme Court of Colorado in Fellows v. LaTronica, Colo., 377 P.2d 547, held that an action to compel the city to arbitrate a claim for vacation pay for city firemen under a collective agreement should be dismissed because the City had no authority to enter into such a contract with the union in the first instance.

The Maryland Court of Appeals, in Mugford v. Mayor and City Council of Baltimore, 185 Md. 266, 44 A.2d 745, 162 A.L.R. 1101 (affirming the lower court) in an action by a taxpayer to enjoin enforcement of and to have declared invalid a collective agreement between the City and Union, held that the City did not have the power to "delegate its governing power to any agency" and that such a contract was void.

See also Nutter v. City of Santa Monica, 74 Cal.App.2d 292, 168 P.2d 741; City of Los Angeles v. Los Angeles Building and Construction Trades Council, 94 Cal.App. 2d 36, 210 P.2d 305; City of Springfield v. Clouse, 356 Mo. 1239, 206 S.W.2d 539; City of Alcoa v. International Brotherhood of Electrical Workers, 203 Tenn. 12, 308 S.W.2d 476; Weakley County Municipal Electric System v. Vick, 43 Tenn.App. 524, 309 S.W.2d 792; International Longshoremen's Assn., etc. v. Georgia Ports Authority, 217 Ga. 712, 124 S.E.2d 733, cert. den., 370 U.S. 922, 82 S.Ct. 1561, 8 L.Ed.2d 503, all of which are in accord.

The rule stated by the annotator in 31 A.L.R.2d 1142 at page 1170 seems to be the rule of the majority, and supported by well reasoned cases:

> "Public employers cannot abdicate or bargain away their continuing legislative discretion and are therefore not authorized to enter into collective bargaining agreements with public employee labor unions. Constitutional and statutory provisions granting the right to private industry to bargain collectively do not confer such right on public employers and employees."

The opinions of the Alabama Attorneys General are likewise without conflict to the effect that state, county, and municipal

agencies of this State are without legal authority to negotiate or to enter into collective bargaining agreements with labor unions. See Attorney General Reports, April–June, 1941, p. 55; Attorney General Reports, October–December, 1946, p. 19; Id. p. 43; Attorney General Reports, July–September, 1946, p. 36; and especially Attorney General Reports, April–June, 1957, p. 35; and Attorney General Reports, July–September, 1958, p. 38. In the April 10, 1941 opinion of the Attorney General of Alabama, supra, it appears that the President of the County Board of Revenue of Gadsden, Alabama presented an inquiry to the Attorney General as to whether or not said Board of Revenue "may legally enter into a contract or agreement with a labor organization * * * as a bargaining agent for county employees with respect to hours of employment, wages, etc." The opinion of the Attorney General was as follows:

"It is my opinion that your inquiry must be answered negatively.

"In reaching this conclusion, I have not failed to recognize the fact that the county employees have a legitimate interest in collective action for the purpose of improving their economic and social situation wherever change is needed. I think it cannot be seriously questioned by anyone that beneficial results to society, as well as to employees individually and as a class, have come from an assertion of the collective economic force of employees. The beneficial results of cooperative action on the part of labor generally is apparent. But the question raised by your inquiry does not involve the power or authority of the employee class. Solely presented is the right of a county, a mere political subdivision of the State (First National Bank v. Jackson County, 227 Ala. 448, 150 So. 690; Pickens County v. Williams, 229 Ala. 250, 156 So. 548; Moore v. Walker County, 236 Ala. 688, 185 So. 175)— an agency of limited jurisdiction having only those powers expressly authorized by statute or necessarily implied therefrom (Corning v. Patton, 236 Ala. 354, 182 So. 39)—to enter into a contract, the ultimate effect of which might be to remove the control of the government from the people as a whole, acting through their duly constituted officials.

"I have found no specific authorization for such a contract, nor has there come to my attention a provision of law from which the right to enter such an agreement might be necessarily implied. * * *."

"Thomas S. Lawson,

"Attorney General"

■■ Thus the public agencies of Alabama have long been advised, without conflict, that matters of wages, hours, and conditions of employment never have been, and cannot become, a matter of collective bargaining and contract in the absence of constitutional or statutory authority and of course such administrative rulings having been in force and effect for many years, are highly persuasive authority of the correctness of the rule. State v. Southern Electric Generating Co., 274 Ala. 668, 151 So.2d 216; Haden v. McCarty, 275 Ala. 76, 152 So.2d 141. Such administrative construction is neither binding on the State nor its agencies nor on the court. Therefore, the use of the word "bound" in the last paragraph of the opinion in State v. Southern Electric Generating Co., supra, was not intended to impinge upon the longstanding rule hereinabove adverted to. A clearer statement of what was there intended is that where an administrative construction by proper officials is fair and reasonable and has been followed for the prescriptive period of twenty years or longer, the courts are not disposed to alter that construction merely because the highest officials may have changed their minds about the matter under consideration.

■ On a thorough canvass of the pertinent authorities and a careful study of

the entire case, despite the cogent arguments of learned counsel for appellants and amicus curiae, we are constrained to hold that the trial court ruled correctly.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.