179 So.2d 324

Joseph H. WILSON, Jr.

v.

Robert LOWE.

1 Div. 260.

Supreme Court of Alabama.

Oct. 21, 1965.

John A. Courtney, Mobile, for appellant.

Frank O. Alonzo, Pierre Pelham and Ralph Kennamer, Mobile, for appellee.

GOODWYN, Justice.

■ The question for decision is whether the power to appoint a "commissioner" of the Mobile Housing Board rests with the Mayor or with the Board of Commissioners of the City of Mobile. The trial court held the Board of Commissioners to be the appointing authority. We disagree, and hold that the Mayor had the power to make the appointment.

■ To resolve the question we must determine the legislative intent in enacting, in 1935, the law providing for municipal housing authorities (Act No. 56, appvd. Feb. 8, 1935, Gen. Acts 1935, p. 126; Code 1940, Tit. 25, §§ 5–30) when considered in connection with the law, enacted in 1911, providing for the optional form of commission government, under which the City of Mobile operates (Act No. 281, appvd. April 8, 1911, Gen. Acts 1911, p. 330; Code 1940, Tit. 37, §§ 89–119). Our conclusion is that the housing authority law, the later of the two enactments, clearly denotes a legislative purpose to vest the power of appointment in the mayor and is controlling here.

While there have been several amendments of the housing authority law, they are of no significance in this case. The following provisions of the law (as included in the 1940 Code) are of special interest here, viz.:

"§ 6. Definitions—The following terms, wherever used or referred to in this chapter shall have the following respective meanings, unless a different meaning clearly appears from the context: * * * 'Council' shall mean the legislative body, council, board of commissioners, or other body charged with governing the city. 'City clerk' and 'Mayor' shall mean the clerk, and the mayor or president of the board of commissioners, respectively, of the city or the officers thereof charged with the duties customarily imposed on the clerk and mayor respectively. 'Commissioner' shall mean one of the members of an authority appointed in accordance with the provisions of this chapter. * * *. [Emphasis supplied.]

"§ 7. Notice, hearing and creation of authority. * * * Such resolution [council's determination of need for housing authority] may be adopted at the meeting at which it is introduced by a vote of a majority of the members of the council present at such meeting. Such resolution shall take effect immediately and shall not be laid over or published or posted. The council shall promptly notify the mayor who shall thereupon appoint, as hereinafter provided, five commissioners to act as an authority. * * * [Emphasis supplied.]

"§ 8. Appointment, qualifications and tenure of commissioners.—An authority shall consist of five commissioners appointed by the mayor and he shall designate the first chairman. None of the commissioners may be city officials. The commissioners who are first appointed shall be designated by the mayor to serve for terms of one, two, three, four and five years respectively from the date of their appointment. Thereafter, the term of office shall be five years. * * * The mayor shall file with the city clerk a certificate of the appointment or reappointment of any commissioner and such certificate shall be conclusive evidence of the due and proper appointment of such commissioner. * * * [Emphasis supplied.]

* * * * * *

"§ 11. Removal of commissioners. —The mayor may remove a commissioner for inefficiency or neglect of duty or misconduct in office, but only after the commissioner shall have been given a copy of the charges against

him (which may be made by the *mayor*) at least ten days previous to the hearing thereon and had an opportunity to be heard in person or by counsel. * * * In the event of the removal of any commissioner, the *mayor* shall file in the office of the city clerk a record of the proceedings together with the charges made against the commissioners and the findings thereon. [Emphasis supplied.]

* * * * * *

"§ 29. Reports.—The authority shall at least once a year file with the *mayor* of the city a report of its activities for the preceding year, and shall make any recommendations with reference to any additional legislation or other action that may be necessary in order to carry out the purposes of this chapter." [Emphasis supplied.]

One of the significant provisions disclosing the legislative intent to vest the appointing power in the mayor is that contained in § 7 whereby the *council* (board of commissioners) is required to *"notify the mayor who shall thereupon appoint, as hereinafter provided, five commissioners to act as an authority."* How could the legislative intent be shown more clearly? Surely, the legislature could not have intended that the board of commissioners should notify the board of commissioners. Yet, that is the construction which must be placed on this provision if the term "mayor" means the board of commissioners.

The trial court concluded, and appellee insists, that the words "officers thereof," as used in defining "city clerk" and "mayor" in § 6, supra, "as modified by the words 'charged with the duties customarily imposed on the clerk and mayor, respectively', mean the governing body or board of commissioners, where such body or board, under State law, has, possesses and exercises all the powers and authority, legislative, executive and judicial, theretofore possessed by the mayor, and the board of commissioners would constitute the officers of the city charged with the duties customarily

imposed on the mayor and would be vested with authority of appointment of the Commissioners, under the Optional Form of Commission Government."

Code 1940, Tit. 37, § 96, supra, contains the following provisions:

"The commissioners of such city, to be known as the board of commissioners of such city, shall have, possess and exercise all the powers and authority, legislative, executive and judicial, theretofore possessed by the mayor, or governing body or bodies of said city, by whatsoever name called, all boards of public works, boards of police commissioners and any and all other boards and commissions, except school boards and other commissions and boards having in charge educational matters. * * *"

We are unable to agree with appellee's interpretation of the definition. Our view is that the phrase "officers thereof charged with the duties customarily imposed on the clerk and mayor respectively" refers to the individual officer, by whatever name called, who is "charged with the duties customarily imposed on the clerk," and to the individual officer, by whatever name called, who is "charged with the duties customarily imposed on the * * * mayor." We cannot agree that the legislature intended the word "mayor," as used in the housing authority law, to mean the board of commissioners of a city operating under the optional form of commission government. Of compelling influence is the fact that "mayor" is defined alternatively to mean "the mayor or president of the board of commissioners * * * of the city or the officers thereof charged with the duties customarily imposed on the * * * mayor." The optional form of commission government provides (§ 95, Tit. 37, Code 1940) for a mayor-president of the board of commissioners. Quite obviously, it seems to us, the legislature intended for "mayor" to mean the "mayor-president" under the optional form and not the board of commissioners.

Each party argues that the contemporaneous construction placed upon the housing authority law by the members of the Mobile board of commissioners supports his position. Assuming this law to be ambiguous, thereby justifying resort to rules of construction, we see no help to be derived by either party, as against the other, from application of the rule of contemporaneous construction. There has been no consistent construction. Beginning in 1935, shortly after enactment of the law, and continuing through 1940, the commissioners of the housing board were appointed by the mayor. From 1940 until 1953, they continued to be appointed by the mayor, but, in addition, the board of commissioners adopted resolutions confirming such appointments. Thereafter, appointments were made by the board of commissioners until the present controversy arose.

It follows, from what we have said, that the decree appealed from is due to be reversed and the cause remanded to the trial court for the entering of a decree not inconsistent with what has been here said.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.