328 So.2d 277

**Frank ROBERTS, etc.**

v.

**Ben W. FREDRICK, etc.**

**SC 1167.**

Supreme Court of Alabama.

March 5, 1976.

Charles E. Floyd, Phenix City, for appellant.

Ferrell & Bennett, Phenix City, for appellee.

FAULKNER, Justice.

This is an appeal from an order of the Circuit Court of Russell County, enjoining the Mayor of Phenix City from removing, or attempting to remove, Fredrick as a Commissioner of the Housing Authority of Phenix City. We affirm.

The issue to be decided is whether the Mayor had the power to discharge a Commissioner of the City Housing Authority.

The Mayor's evidence shows that he told Mr. Fredrick that he was going to remove him from the office of Commissioner of the Phenix City Housing Authority because no report of Housing Authority activities had been filed in the Mayor's of-

fice. Subsquently, the Mayor sent Mr. Fredrick the following letter:

"OFFICE OF THE MAYOR
FRANK ROBERTS

"Phenix City, Alabama .

November 25, 1974

"Mr. Ben Fredrick
Member of Board of Directors
The Housing Authority of the
City of Phenix City, Alabama 36867

"Dear Mr. Fredrick:

"By the powers invested in me as the Mayor of the City of Phenix City, Alabama, under Title 25, Section 11 of the Code of Alabama, 1940, as amended, I hereby request that you voluntarily resign from the position which you now hold as Member of the Board of Directors of the Housing Authority of the City of Phenix City, Alabama, for inefficiency and neglect of duty while holding said office and for failure to comply with Title 25, Section 29, of the Code of Alabama, 1940, as amended, whereby the Housing Authority of the City of Phenix City, Alabama, is required to file a report of the activities of the Housing Authority of the City of Phenix City, Alabama, at least once a year to me as the Mayor of the City of Phenix City, Alabama, and for the legislation or other action that may be necessary in order to carry out the purposes of the laws of the State of Alabama.

"Should you refuse to voluntarily resign as a Member of the Board of Directors of the Housing Authority of the City of Phenix City, Alabama, then I have no alternative other than to replace you on the Board of Directors of the Housing Authority of the City of Phenix City, Alabama, commencing immediately.

"Should you desire to contest this matter, then you should request a formal hearing in my office within ten (10) days from the date of this letter.

"Sincerely,

/s/ Frank Roberts
Frank Roberts, Mayor
City of Phenix City, Alabama"

Mr. Fredrick's evidence shows that the Mayor told him that if he did not vote to remove the Executive Secretary of the Housing Authority, Fredrick would be removed by the Mayor as Commissioner. None of the other Commissioners of the Authority were asked to resign by the Mayor, and none of them were threatened to be removed by the Mayor.

Mr. Fredrick, as were the other Commissioners, was appointed to the Authority for a 5-year term. Fredrick's term ends in 1977.

Title 25, § 8, Code of Alabama, provides:

"An authority shall consist of five commissioners appointed by the mayor . . . to serve for terms of one, two, three, four and five years . . . Thereafter, the term of office shall be five years."

This court has said *"appointed by the Mayor"* means just that, and does not mean that the City Board of Commissioners has the authority to appoint Commissioners of the Housing Authority. *Wilson v. Lowe,* 278 Ala. 578, 179 So.2d 324 (1965). *Wilson* dealt only with the power to appoint by the Mayor. The court did not rule specifically on the question of removal, even though § 11, Removal of Commissioners, was set out in the opinion, and emphasis placed on "the Mayor" appearing thereon. This apparently led the Mayor in this case to conclude that the power to appoint carried with it the power to remove.

The issue in this case boils down to a single question, viz., is a Commissioner of

**284**

a City Housing Authority an officer of an incorporated city or town? This court opined in *In re Opinion of the Justices*, 235 Ala. 485, 179 So. 535 (1938) that a Housing Authority is an administrative agency of a city and performs city functions. The court has held that City Boards of Education act as free and independent agencies of a city school system, *Day v. Andrews*, 279 Ala. 563, 188 So.2d 523 (1966); and, that members of a City Board of Education are officers of the city, and cannot be removed, except for causes specified in § 173, Constitution of Alabama, 1901, and in the manner provided by § 175, i. e., impeachment.

We are of the opinion that a Housing Authority Commissioner is an officer of the city. Therefore, his removal can only be for causes specified in § 173 of the Constitution, by impeachment under § 175. Title 25, § 11 of the Code giving the Mayor power to remove a Commissioner is repugnant to the Constitution.

AFFIRMED.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.