I concur with the majority opinion holding that Central Elmore falls within the confines of, and is protected by,7 U.S.C. § 1926(b), and that the City of Wetumpka and the Wetumpka Water Board violated Ala. Code 1975, §11-50-1.1. 1926(b). The City of Wetumpka and the Water Board argue that they are also protected by § 1926(b), as they are both "associations" under that section. Section 1926(b) provides protection to associations. "Associations" is broadly defined to encompass any entity that has received an FmHA loan.
See Pinehurst Enterprises, Inc. v. Town of Southern Pines,690 F. Supp. 444, 452 (M.D.N.C. 1988). Although the Wetumpka Water Board has an outstanding FmHA loan and is, therefore, an association and may assert the protection of § 1926 under appropriate circumstances, its status as an association does not change the result or preclude the summary judgment in this case.
As reflected in the majority opinion, it is undisputed that Central Elmore was serving the area across from the Crutchfield property. Central Elmore had previously installed a water line across the highway from the newly developed subdivision in order to service another area located near the Crutchfield property. The water line across the highway from the Crutchfield property is viewed as if Central Elmore was providing service to both sides of the road. See North ShelbyWater Co. v. Shelbyville Municipal Water Sewer Commission,803 F. Supp. 15 (E.D.Ky. 1992). Therefore, Central Elmore had the dominant right to provide water service to the Crutchfield property.
The majority opinion today clarifies the statement in the now withdrawn May 16, 1997, opinion that the Water Board performs its functions as an agency for the city.[4] Although the Water Board is organized to perform its function as an agency of the city it serves, it remains an entity separate from that municipality. Not until the Water Board acts in collaboration with a municipality, as occurred in this case, does it also fall within the purview of § 11-50-1.1, which limits its activities. Had the Water Board acted alone, it would not be restricted by § 11-50-1.1.
The Water Board falls within the purview of § 11-50-1.1 only because it acted "in concert" with the City of Wetumpka, a municipality. *Page 917 
Both entities acting together agreed to lay the water line, thereby duplicating the services of Central Elmore. Because the Water Board and the City acted in concert, § 11-50-1.1
applies to the Water Board, and, under the facts of this case, the activities of the Water Board violated § 11-50-1.1.
[4] The majority cites City of Montgomery v. Water Works Sanitary Sewer Bd. of the City of Montgomery, 660 So.2d 588,594 (Ala. 1995).