This appeal is from a summary judgment rendered against the Housing Authority of Prattville, Alabama, et al. and in favor of *Page 1026 
W.B. Headley, d/b/a W.B. Headley and Sons.
These proceedings commenced when W.B. Headley, d/b/a W.B. Headley and Sons, appellee here, filed a negligence action against the Housing Authority of Prattville, Alabama, appellant here, for the Authority's failure to require Robert G. Rhodes Roofing Company to post bonds in accordance with Title 50, section 16, Code of Alabama 1940 (Recomp. 1958) (currently found in Title 39, chapter 1, section 1, Code of Alabama 1975).
The appellant had contracted with Robert G. Rhodes Roofing Company for the installation of new roofing and other roofing repairs to certain buildings under its control. Rhodes performed the work in accordance with the contract but failed to pay all of the money owed to appellee for the roofing materials purchased from it and installed by Rhodes on the buildings owned by appellant. Thereupon, Headley filed an action against the Housing Authority of Prattville for failure to require Rhodes to post with the Authority a bond in accordance with Title 50, section 16, Code of Alabama 1940 (Recomp. 1958). The case was dismissed by the Circuit Court of Autauga County because Headley's action was barred by the one year statute of limitation, i.e. Title 7, section 26, Code of Alabama 1940 (Recomp. 1958) (currently found in Title 6, chapter 2, section 39, Code of Alabama 1975).
On appeal to this court the circuit court's judgment was reversed and the case remanded because the running of the one year limitation period commenced when the injury occurred, i.e.
when final payment was made to the roofing contractor, rather than when the work started, as found by the trial court.
On remand, the circuit court held a hearing on both parties' requests for a summary judgment and granted appellee's motion for such judgment but denied appellant's motion therefor. This appeal results therefrom.
Appellant's initial contention is that a housing authority, if subject to Title 50, section 16, acts in a governmental capacity (rather than in a proprietary capacity) when it makes available to the public low-rent housing and, as a consequence, it is immune from suit for allegedly negligent acts. In support of this argument, appellant relies on the case of Robbins v.City of Sheffield, 237 Ala. 674, 188 So. 874 (1939).
In Robbins the plaintiff, who had supplied a contractor with various materials, filed an action against the municipality for the latter's negligent failure to require the contractor to post a bond pursuant to Act No. 39, Acts of 1935, the statutory predecessor to Title 50, section 16, Code of Alabama 1940 (Recomp. 1958). The municipality's demurrer to the action was sustained and the case was dismissed. The dismissal of plaintiff's action was affirmed on appeal. Although dicta in the case indicated that the burden of posting bond was on the contractor rather than the city, the court did not actually decide whether Act 39 placed the burden on the city to see that the contractor posted the bond. Instead, the court's decision was premised on the larger question of whether the city could be held liable for failing to require the bond to be posted if one assumed for argument's sake that the city had the burden of requiring the bond to be filed with it.
The court affirmed that the character or nature of the improvement undertaken by the city had no relation to the duty imposed on the city by Act 39. The court said that Act 39 created a duty for, and in the interest of, the public in general rather than the municipality or its inhabitants. On this basis, the decision concluded that the plaintiff's action was without foundation because:
 "Being therefore an instrumentality of the State and exercising the authority given by the State, the city is no more liable for the acts or omissions of its officers or agents in this regard than would be the State. . . . It was, of consequence, a governmental function, and a negligent failure to perform the *Page 1027 
duty imposed, creates no more liability upon the city than upon the sovereignty which it represents."
As we understand its holding, the supreme court determined that a city was engaged in the exercise of a governmental function when it required (or failed to require) a contractor to comply with Act 39 by posting the statutory bond. Thus, the city was immune from suit for the negligent acts of its agents or servants under the doctrine of governmental immunity. Such a conclusion was premised on the theory that cities were subdivisions of the state and could not be sued for torts because the constitution or statutes did not permit such suits.[1]
Moreover, in the case of In re Opinions of the Justices,235 Ala. 485, 179 So. 535 (1938), the supreme court said that a housing authority, brought into existence by a municipality, was an administrative agency of that city; consequently, the court reasoned that a housing authority would be exercising a governmental function when in pursuit of its duties. The opinion continued by indicating that the creation of a corporation such as a housing authority imbued the corporation with the police power of the city and that the mere fact that it was an administrative agency of the city did not deprive it of any immunities inhering to the government under which the corporation operated.
However, it is no answer to a housing authority's potential liability for a tort to say that such authority is an administrative agency of a city exercising a governmental function and, therefore, is immune from suit. Such immunity does not exist where a statute specifically permits a suit against the agency. And the statute which authorizes the creation of housing authorities in this state expressly allows such authorities to sue and be sued. Title 25, section 12, Code of Alabama 1940 (Recomp. 1958) (currently found in Title 24, chapter 1, section 27 (22), Code of Alabama 1975). Moreover, inHousing Authority of Birmingham Dist. v. Morris, 244 Ala. 557,14 So.2d 527 (1943), it was held that in view of the fact that the enabling legislation by which housing authorities were created provided that housing authorities could sue and be sued, a tort action against such bodies was permissible. And the court in that case noted:
 "The suggestion that said corporation is a governmental agency is no answer to its liability. The books are full of decisions holding that such governmental agencies may be sued where the statutes under which they exist so authorize. . . ."
Although Housing Authority of Birmingham Dist. v. Morris
dealt with tort liability for a violation of the housing authority enabling legislation itself, we believe that the phrase "sue or be sued" also permits a tort action against the authority in instances where the authority has failed to comply with statutory provisions which are not contained in the enabling legislation by which housing authorities were created. Our view is supported by Title 25, section 9, Code of Alabama 1940 (Recomp. 1958) (currently found in Title 24, chapter 1, section 44, Code of Alabama 1975) which provides:
 "The authority and its commissioners shall be under a statutory duty to comply or to cause compliance strictly with all provisions of this chapter and the laws of the state of Alabama. . . ."
State law requires the execution of a performance bond before a public work project is commenced. Title 50, section 16, Code of Alabama 1940 (Recomp. 1958). The Housing Authority was under a statutory duty to require strict compliance with this law. The Authority failed in its duty by not taking appropriate action to see to it that Rhodes posted the necessary bond. Accordingly, appellee was entitled to maintain a suit against the Authority for its failure. Title 25, section 12, Code of Alabama 1940 (Recomp. 1958).
Furthermore, we must reject appellant's contention that the amount awarded in this instance exceeded the statutory *Page 1028 
requirement found in Title 50, section 16 which states that laborers and materialmen are protected by bond in an "amount not less than fifty percent of the contract price." Appellant argues that the contract price involved here was $10,205 and that the judgment awarded ($7,599.08) was in excess of fifty percent of $10,205, or $5,102.50. First, we would point out that the statutory language "not less than" establishes the minimum amount of protection. It does not preclude protection in excess of fifty percent of the contract price. Nevertheless, the argument made by appellant with regard to damages is irrelevant to the present case. Appellee's suit was not based on Title 50, section 16 itself, but rather, his action was brought against the Housing Authority for its negligent failure to require compliance with the statute. Thus, appellee's suit was a tort action arising out of a breach of statutory duty and as such he was entitled to recover damages in the amount of his loss.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] The present case was initiated prior to our supreme court's decision to abolish municipal immunity. Jackson v. City ofFlorence, 294 Ala. 592, 320 So.2d 68 (1975).