SHORES, Justice.
Mobile County Education Association (MCEA) is a professional association which represents the majority of teachers in the Mobile County school system. It filed a complaint against the Board of School Commissioners of Mobile County (the Board), requesting injunctive relief, alleging that the Board had failed to comply with § 16-8-10, Code of Alabama 1975, which MCEA claims requires the Board to consult with MCEA before adopting any policy.
The Board answered, contending that § 16-8-10, Code, had no application to the Mobile County public school system because § 270 of the Constitution of 1901 precluded its application to that county.
The trial court, after a hearing, entered judgment holding that § 16-8-10 was applicable to the Board, and the Board had violated that statute. The trial court found, specifically, that:
[T]he Defendants on numerous occasions, in fact violated the provisions of Title 16-8-10 by amending or adopting written policies without consulting with the Plaintiff;
[T]hat any matter involving the substantive rights of the employees of the Mobile County School Board, such as, but not *923 limited to, salary increases or decreases, ordinary leave, sick leave or maternity leave policy, hours of employment, termination procedure, promotion procedure, mode of dress, etc. would be considered a matter of written policy within the purview of said statute;
[T]hat with respect to any addition, alteration or deletion of any written policy, the professional organization representing the majority of the certified employees of the School Board shall be entitled to at least fifteen (15) days notice of any such proposed addition, deletion, change or alteration;
[T]hat there are certain emergency conditions which could arise and that if there are bona fide emergency conditions, the Defendant School Board would be authorized to take such emergency action as it deems necessary.
The Board appealed and argues that the trial court erred in holding that § 16-8-10 applies to it because it argues § 270 of the Constitution prohibits the application of this general act of the legislature to Mobile County. It also argues on appeal, although not argued below, that if § 270 does not prevent the application of § 16-8-10 to Mobile County, Local Act 480, Acts of Alabama, Regular Session 1969, does. It finally argues that if § 16-8-10 does apply to Mobile County, the Board has substantially complied with its provisions. We affirm.
Section 270 of the Constitution of 1901, which was also contained in the 1875 Constitution, is a part of Article XIV, which mandates that the legislature “establish, organize, and maintain a liberal system of public schools throughout the state for the benefit of the children thereof between the ages of seven and twenty-one years.”
Section 270 provides:
The provisions of this article and of any act of the legislature passed in pursuance thereof to establish, organize, and maintain a system of public schools throughout the state, shall apply to Mobile county only so far as to authorize and require the authorities designated by law to draw the portions of the funds to which said county shall be entitled for school purposes and to make reports to the superintendent of education as may be prescribed by law; and all special incomes and powers of taxation as now authorized by law for the benefit of public schools in said county shall remain undisturbed until otherwise provided by the legislature; provided, that separate schools for each race shall always be maintained by said school authorities.
The official proceedings of the Constitutional Convention of 1901 make clear that § 270 was designed to allow Mobile County to retain in its control its license tax for the sale of liquor, which it had imposed since 1852. The following is excerpted from those proceedings:
MR. WHITE (Jefferson) — . .. We are proud of Mobile, but I do not feel that I can discharge my duty and be true to myself without opposing the adoption of this Section. There may be a good reason for it. If there is I have never heard it. If there is a good reason for it I know that the distinguished gentlemen who represent Mobile upon the floor of this Convention can give us that reason and give it to the people of the State just why Mobile, the richest city in the State; just why it is allowed to withhold from the public treasury its license tax for the sale of vinous, spirituous and malt liquors amounting to $44,000 last year.... Is it right that every city or every other county in the State to pay the license derived from the sale of spirituous liquors into the State Treasury and yet it be withheld by the county of Mobile?
MR. PILLANS (Mobile) — Mobile County procured this authority to put a license on liquor dealers in 1852, many years before the State put license on them for any purpose, and therefore did not withhold from the State Treasury, but taxed her own people for the schools.
MR. WHITE — That I suspect is no doubt true.... How long Mobile imposed the tax before it was imposed by the balance of the State, I do not know, but I do know that it has been imposed *924 for a long time since the State has been imposing it upon other counties, or upon that industry in other counties.
MR. HOWZE — If this section were left out of the Constitution, would it affect the right of Mobile to retain the license under the act authorizing it?
MR. SMITH — Undoubtedly.
MR. HOWZE — Would not you be entitled to keep that money under the act if it were not in the Constitution?
MR. SMITH — I think not. Your present article creates a school system and provides for the regulation of public schools and provides how the funds for that school system shall be applied, and it is with reference to that that the act was passed.
The delegates from Mobile to the Constitutional Convention of 1901 were justifiably concerned about preserving to Mobile County its practice of withholding from the state treasury the proceeds of the liquor licenses. Section 270 was the result of their successful efforts in that regard. But as this Court observed in Board of School Commissioners of Mobile County v. Hahn, 246 Ala. 662, 22 So.2d 91 (1945):
The limitation on legislative power embodied in Section 270 of the Constitution is restrictive in its scope and purpose, and is to be strictly construed....
Said section also preserves to said county [Mobile], and this was its controlling thought, the existence of its local board and “all special incomes and powers of taxation as now [then] authorized by law for the benefit of public schools in said county, * * * until otherwise provided by the legislature.” Otherwise stated, the school system of said county is left open and subject to the discretion and plenary power of the legislature, without the constitutional mandate to continue its existence.
... The power of the legislature to enact laws for the benefit of public employees is plenary, except as limited by the Constitution....
246 Ala. at 665, 22 So.2d 91.
See, also, Board of School Commissioners of Mobile County v. Caver, Ala., 355 So.2d 712 (1978).
The legislature in adopting § 16-8-1, et seq., Code, has exercised its authority to establish county boards of education, their composition, election, and qualifications. By Section 16-8-10, the legislature mandated that such boards establish a written educational policy for the county in the following language:
§ 16-8-10. Educational policy of county.
The county board of education shall, upon the written recommendation of the county superintendent of education, determine and establish a written educational policy for the county and shall prescribe rules and regulations for the conduct and management of the schools. Before adopting written policies the board shall directly, or indirectly through the superintendent, consult with the professional organization representing the majority of the certified employees and in addition shall also consult with professional assistants, principals, teachers and interested citizens. The county board must establish such policies and adopt such rules and regulations and file them with the state superintendent of education. Such written policies, rules and regulations, so established, adopted or promulgated shall be made available to all teachers employed by the county board. Any amendments to such policies, rules and regulations shall be developed in the same manner, filed with the state superintendent and furnished to the teachers employed by the local board within 20 days after adoption thereof.
Section 270 does not preclude the application of § 16-8-10 to Mobile County. In fact, the reports required by this legislation to be made to the state superintendent of education are contemplated by Section 270; thus that constitutional provision is not offended by § 16-8-10.
*925 The Board’s argument that Local Act 480 takes precedence over § 16-8-10 was not raised below and is not, therefore, before us. We note, however, that we find no inconsistency in the two.
The last argument advanced by the Board is a factual one, decided adversely to it by the trial court.
The Board argues that if § 16-8-10 is applicable to it, the trial court erred in holding that it had not complied with it. There is evidence to support the trial court’s finding that the Board has not complied with the provisions of § 16-8-10 in that it has not consulted with MCEA in formulating educational policy.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.