431 So.2d 948 (1983)
WALKER COUNTY BOARD OF EDUCATION, Political Subdivision of the State of Alabama
v.
WALKER COUNTY EDUCATION ASSOCIATION, an Unincorporated Association, et al.
81-245.
Supreme Court of Alabama.
April 8, 1983.
*949 C.V. Stelzenmuller and Julia Smeds of Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, and Phil Laird of Elliott, Laird & Wiley, Jasper, for appellant.
Robert T. Wilson of Wilson & King, Jasper, and Robert H. Chanin and Mady Gilson of Bredhoff & Kaiser, Washington, D.C., for appellee.
David R. Boyd of Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, for amicus curiae Alabama Ass'n of School Boards.
J. Victor Price, Jr., Montgomery, for amicus curiae Alabama Educ. Ass'n.
EMBRY, Justice.
This is an appeal by the plaintiff, Walker County Board of Education (Board), from an order granting summary judgment which held that certain policies entered into by the Board and the Walker County Education Association (WCEA) and the Walker County Education Support Personnel Organization (WCESPO) were legally binding and unilaterally adopted actions of the Board and that the Board must comply with those policies to the extent they do not violate Alabama law. We affirm.
The Board is engaged in the general administration and supervision of the public schools of Walker County, except for the city schools of Jasper and Carbon Hill. The WCEA represents the Board's professional employees and the WCESPO represents the support employees.
The issues raised on this appeal are attributable to the following facts:
A committee of the Board met with a committee of WCEA and WCESPO to discuss various matters of employment and to submit recommendations for adoption as policy. The Board considered those recommendations and on 25 May 1978 issued a written pronouncement adopting certain ones as policy for conducting and managing the schools. Subsequently, the Board filed those adopted policies with the state superintendent of education and made them available to all teachers employed by the county board.
On 14 May 1980, the Board gave notice to certain nontenured teachers and support personnel that their contracts would not be renewed for the 1980-81 school year. Notice to the teachers was given pursuant to § 16-24-12, Code 1975:
"Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed...."
A dispute then arose between the Board and WCEA and WCESPO concerning this reduction in personnel. WCEA and WCESPO contended that these notices were in violation of the policies adopted by the Board and, therefore, challenged them under the grievance procedures contained in the adopted policies. The grievances were processed through the first two levels of the grievance procedures, but could not be resolved. When WCEA and WCESPO attempted to move to the third level of grievance *950 procedure, the Board refused to participate. The Board then filed suit in the circuit court of Walker County seeking a declaratory judgment that the adopted policies (exhibits A and A-1 in its pleadings) were illegal and not binding upon the Board. The employee organizations answered by admitting all of the operative facts in the complaint. On 12 February 1981 the Board filed a motion for summary judgment asserting "there is no genuine issue as to any material fact and that Plaintiffs are entitled to a judgment as a matter of law." WCEA and WCESPO filed a cross-motion for summary judgment on 30 March 1981 also alleging "no genuine issue of material fact." The case was submitted upon the complaint, answer of the defendants, amended complaint of the plaintiff, motion for summary judgment of the plaintiff, amended answer and cross-motion for summary judgment of the defendants. On 26 August 1981 the trial court entered the following order granting WCEA and WCESPO's cross-motion for summary judgment and denying the Board's motion for same:
"This cause coming on for consideration and the parties having filed written briefs with the Court and appeared in open Court and orally argued the respective Motions for Summary Judgment and the Court having taken the same under advisement and after due and careful study of the legal issues and facts presented, the Court is of the opinion that there is no genuine issue of material fact involved and that this Motion for Summary Judgment is properly indicated for the disposition of the issues involved. The case is submitted upon the Complaint, Answer of the Defendants, Amended [Complaint] of the Plaintiffs, Motion for Summary Judgment of the Plaintiffs, Amended Answer and Cross Motion for Summary Judgment of the Defendants.
"The Court finds and the record reflects that the Plaintiffs adopted certain policies on May 25, 1978, applicable to all professional staff members in the Walker County School System which policies are fully set out in Exhibit A attached to the Complaint. Similar policies pertaining to the support personnel of the Walker County Educational System were later adopted as shown by Exhibit A-1. The Court finds that these policies were unilaterally adopted by the Plaintiffs after conferring with and receiving recommendations of representatives of the Defendants and were designated as `The Official Board Policy' and were publicly filed in the State Superintendent's Office as provided by Title 16 § 8(10) of 1975 Code of Alabama. The policies, as evidenced by Exhibit A as attached to the Complaint, contained a number of sections and included `Section 7, Dismissals', `Section 8, Reduction in Personnel', `Section 23, Grievance Procedure'. These sections refer to action to be taken by the Plaintiffs and dismissals, reductions of personnel, for whatever reason, and grievance procedure to be followed in the event the representatives of the Defendants had some question respecting the action of the board.
"Subsequent to the Plaintiffs' adoption of the policies referred to which were attached and marked Exhibits A and A-1 to the Complaint, and after said policies had been adopted and in effect more than two years, the Plaintiffs attempted a reduction in force of personnel. The Defendants filed a notice that the Plaintiffs' contemplated reduction in force was being contested as provided in Section 23 of the Grievance Procedure in the policies adopted by the Plaintiffs.
The Court further finds that the Plaintiffs declined to follow the Grievance Procedure set out in the policies in Exhibit A, page 10, Section 23, and elected to file its Complaint for Declaratory Relief as reflected by the original pleading filed by the Plaintiffs herein.
"The Plaintiffs filed a Complaint for Declaratory Relief on July 14, 1980, asking this Court to determine:
"(1) Whether the Plaintiffs were required to continue with the provisions of the policies regarding grievances.
"(2) That the policies attached as Exhibits A and A-1 were not binding on the Plaintiffs because the policies attempted to *951 negotiate conditions of employment not authorized by law.
"(3) That public employees could not abdicate or bargain away their legislative discretion and were not authorized to enter into such policies since the policies clearly limited their (Plaintiffs') legislative discretion.
"(4) That said policies attempted to remove responsibility of public officials to operate educational programs of the county.
"(5) That certain sections contained in the policies are violative of established law.
"(6) That the policies attempted to modify laws passed to protect the public.
"(7) The policies were not binding on the Plaintiffs since they limited discretionary power of the board.
"(8) The policies have attempted to yield the public interest to the private sector.
"(9) The policies are not in the best interest of the public.
"The Court further finds as a matter of fact and concludes as a matter of law that the Plaintiff, the County Board of Education, has an inherent and implied power as well as statutory power to contract with individuals, teachers, and group of individuals and such other persons, firms, organizations, or corporations as may be necessary or incident to the efficient operation of the schools. That by reason of Title 16 § 8(8) of the Code of Alabama 1975, the general administration and supervision of the public schools and educational interest of each county is fixed in the Plaintiff (County Board of Education). The Plaintiff (County Board of Education) exercises such authority through its executive officer, the general superintendent of Education in the county.
"The Plaintiffs are mandated and required by Title 16 § 8(10) of the Code of Alabama 1975 to consult with the professional organization representing the majority of the certified employees and in addition shall consult with professional assistants, principals, teachers and interested citizens before and after consulting with such persons, `The County Board of Education shall, upon written recommendation of the County Superintendent of Education, establish a written recommendation for the county and shall prescribe rules and regulations for the conduct and management of the schools. Such written policies, rules and regulations so established and adopted shall be made available to all teachers employed by the County Board. Any amendments to such policies, rules or regulations shall be developed in the same manner, filed with the State Superintendent and furnished to the teachers employed by the local board within twenty days after the adoption thereof.'
"The Court further finds and concludes as a matter of law that the policies adopted were adopted pursuant to statutory authority and were unilaterally adopted by the Plaintiffs and were not the product of collective bargaining. That contrary to the Plaintiffs' position, the Court finds that said policies were adopted with the authority of the Plaintiffs pursuant to statutory mandate and that the same are lawful and binding upon the action of the Plaintiffs and are in full force and effect until modified or amended as provided by the Code of Alabama 1975, Title 16 § 8(10) except that the provision for binding arbitration is unenforceable unless voluntarily entered into by both Plaintiffs and Defendants. That the adoption of such policies does not attempt to bargain away or abdicate legislative discretion or remove the responsibility of public officials and with the exception of the binding arbitration provision which is violative of the established law, said policies are not contrary to the best interest of the public but apparently were adopted in good faith of the Plaintiffs with the best interest of the public in mind.
"IT IS THEREFORE, THE ORDER, JUDGMENT AND DECREE OF THE COURT that the Plaintiffs' Motion for Summary Judgment be denied except for that portion which refers to binding arbitration which this Court holds to be unenforceable under Alabama law.
*952 "IT IS THE FURTHER ORDER, JUDGMENT AND DECREE OF THE COURT that the Defendants' Cross-Motion for Summary Judgment be and the same is hereby granted and the Court declares specifically:
"(1) The policies dealing with professional employees of the Plaintiff, Walker County Board of Education (hereinafter `Board'), which are attached to Plaintiffs' Complaint for Declaratory Relief as Exhibit A (hereinafter `Professional Employee Policies') were legally developed and adopted and the Board is obligated to comply with the provisions of said policies to the extent that they do not violate Alabama law.
"(2) All of the provisions of the Professional Employee Policies are legal. Although the Board's commitment to submit unresolved grievances to binding arbitration (§ 23, V(d) of said Policies) is not enforceable, the provision is legal and if the Board does proceed to arbitration, the award of the arbitrator is enforceable.
"(3) The Professional Employee Policies may be changed only in accordance with the procedure set forth in Title 16 § 8(10) of the Alabama Code.
"(4) The Policies dealing with support employees of the Board, which are attached to Plaintiffs' Complaint for Declaratory Relief as Exhibit A-1 (hereinafter `Support Employee Policies') were legally developed and adopted and the Board is obligated to comply with the provisions of said Policies to the extent that they do not violate Alabama law.
"(5) Although the last sentence of § 1(E) of the Support Employee Policies (providing that `any changes [in said policies] must be approved by both parties') is illegal and of no effect, all of the other provisions of the Support Employee Policies are legal. The Board's commitment to submit unresolved grievances to `advisory arbitration' (§ 19, IV(c) of said Policies) is enforceable when so submitted by the Board.
"(6) The Support Employee Policies may be changed only in accordance with the procedure set forth in § 1(E) of said Policies, as amended by the deletion of the last sentence thereof.
"IT IS THE FURTHER ORDER, JUDGMENT AND DECREE OF THIS COURT that the cost of this proceeding be taxed against the Plaintiffs, which if not paid execution may issue.
"DONE AND ORDERED this the 26th day of August, 1981.
 "s/ Horace H. Nation, III
 Horace H. Nation, III
 Circuit Judge"
The Board's first assignment of error addresses the propriety of the action of the trial court in granting summary judgment. It contends that court resolved disputed issues of fact which were not before it. Although not conclusive, it is worthy of note that the Board itself filed a motion for summary judgment contending "there is no genuine issue as to any material fact." To decide an appeal from a summary judgment, this court takes notice of the same factors the trial court initially considered in ruling on the motion. Chiniche v. Smith, 374 So.2d 872 (Ala.1979). A review of the record below reveals that a trial would have served no useful purpose. The trial court simply took the undisputed facts, as evidenced from the pleadings, and made conclusions of law therefrom.
"`Conclusions of law' are those conclusions which the trial judge concludes flow from the ultimate facts as he finds them illuminated by subsidiary facts, and to arrive at and to apply legal conclusions is the function of the court. Where a conclusion describes a legal status, or condition, or a legal offense, it is ordinarily termed a `conclusion of law' ...."
89 C.J.S. Trial § 609a (1955) (footnotes omitted). We opine that, after reviewing the undisputed evidence in a light most favorable to the Board, the trial court made correct conclusions of law and properly disposed of the issues on motion for summary judgment.
The Board further contends the trial court erred in concluding as a matter of law that the Board acted legally in adopting the recommended WCEA and WCESPO policies. *953 In support of that contention, the Board argues the adopted policies are a product of collective bargaining and cites International Union of Operating Engineers, Local 321 v. Water Works Board of the City of Birmingham, 276 Ala. 462, 163 So.2d 619 (1964) (hereinafter IUOE), for the proposition that a public agency has no legal authority to bargain or contract with a labor union in the absence of express statutory authority.
The proper disposition of the issues in this case involves this court's construction of § 16-8-10, Code 1975:
"The county board of education shall, upon the written recommendation of the county superintendent of education, determine and establish a written educational policy for the county and shall prescribe rules and regulations for the conduct and management of the schools. Before adopting written policies the board shall directly, or indirectly through the superintendent, consult with the professional organization representing the majority of the certified employees and in addition shall also consult with professional assistants, principals, teachers and interested citizens. The county board must establish such policies and adopt such rules and regulations and file them with the state superintendent of education. Such written policies, rules and regulations, so established, adopted or promulgated shall be made available to all teachers employed by the county board. Any amendments to such policies, rules and regulations shall be developed in the same manner, filed with the state superintendent and furnished to the teachers employed by the local board within 20 days after adoption thereof."
Under the Alabama Code, responsibility for the "general administration and supervision of the public schools [and] of the educational interests of each county" is vested in the county board of education. § 16-8-8, Code 1975. In discharging this responsibility, each board is required by § 16-8-10 to "determine and establish a written educational policy for the county and [to] prescribe rules and regulations for the conduct and management of the schools." See, Mobile County Board of School Commissioners v. Mobile County Education Association, 394 So.2d 922 (Ala. 1981).
Because the development and adoption of the WCEA and WCESPO policies each necessarily involves a slightly different analysis, our discussion of each will be separate.

The WCEA Policies
In 1964, in IUOE, this court enunciated its decision with regard to public agencies and collective bargaining. At that time it appeared from the cases and from the current trend of public opinion that collective bargaining by public agencies should be prohibited absent express statutory authority. That continues to be the rule of the majority of jurisdictions and in Alabama, supported by well reasoned cases. Our opinion today in nowise overrules that decision. However, where statutory authority is present, as here, our interpretation embodies a different view.
Upon consideration of the same facts as were before the trial court, we hold the WCEA recommended policies are valid even under the position taken by this court in IUOE, since those policies here were developed and adopted pursuant to express statutory authority: § 16-8-10, Code 1975. The trial court found, and properly so, that the policies were unilaterally adopted by the Board after conferring with and receiving recommendations of representatives of the employee association, WCEA. Those policies were then designated as "The Official Board Policy" and were publicly filed in the State Superintendent's office as provided for by § 16-8-10. The policies had been adopted and in effect two years before the Board contested their validity.
In fact, the WCEA policies were not simply developed and adopted pursuant to express statutory authorization, but rather in response to an express statutory obligation. In Mobile County Board of School Commissioners, this court quoted, and left intact, the trial court's ruling with reference to § 16-8-10:

*954 "[A]ny matter involving the substantive rights of the employees of the Mobile County School Board, such as, but not limited to, salary increases or decreases, ordinary leave, sick leave or maternity leave policy, hours of employment, termination procedure, promotion procedure, mode of dress, etc. would be considered a matter of written policy within the purview of said statute...."
Mobile County Board of School Commissioners, at 922, 923.
The Board's threshold argument contesting the validity of these adopted provisions is based upon its contention that they were the product of "collective bargaining."
The statute authorizes and, indeed, mandates that the Board "consult with" the professional organization representing the majority of certified employees before establishing policies. This is not collective bargaining.
Generally, the concept of "collective bargaining," as understood and applied in the field of private industry, implies bargaining sanctions and weapons not available to public employees, such as the right to strike and other incidents of the private employment relationship not appropriate in the public employment field. It also implies two bargaining units of co-equal status, each with unlimited power to enter into binding commitments. This concept does not apply in the case of the state with relation to its employees.
It is the judgment of this court that the Board has authority under § 16-8-10 to "consult with" a representative or representatives of the employee organization when that "consultation" is in the context of meeting, discussion and recommendation. Moreover, § 16-8-10 obligates the Board to "directly, or indirectly ..., consult with the professional organization representing the majority of the certified employees and in addition [to] also consult with professional assistants, principals, teachers and interested citizens."
Section 16-8-10 only obligates the Board to meet and consult with those persons set out in the statute; it does not obligate the Board to reach any agreement, accept any proposals or negotiate any matter if it does not wish to do so. In fact, the Board was free to reject the proposals submitted to it by the WCEA committee for any reason or for no reason, without committing an unfair labor practice or subjecting itself to any sanction. However, once the Board adopts a policy pursuant to statutory mandate the same remains in full force and effect to the extent it does not violate Alabama law until modified or amended by the Board in accord with the procedure set forth in § 16-8-10:
"Any amendments to such policies, rules and regulations shall be developed in the same manner, filed with the state superintendent and furnished to the teachers employed by the local board within 20 days after adoption thereof."
It is also the judgment of this court that the trial court properly found that provision for binding arbitration (§ 23 V(d) of the Policies) unenforceable unless voluntarily entered into by the Board and WCEA.

The WCESPO Policies
Although there exists no counterpart statute to § 16-8-10 expressly authorizing the Board to consult with support employees, the development and adoption of the WCESPO policies can reasonably be inferred from the Board's overall statutory powers. Under §§ 16-8-8, 16-8-9, and 16-8-10, the "general administration and supervision of the public schools" is vested in the county board of education. Hargett v. Franklin County Board of Education, 374 So.2d 1352 (Ala.1979), Clark v. Jefferson County Board of Education, 410 So.2d 23 (Ala. 1982). The Board is under a duty to "establish a written educational policy for the county and [to] prescribe rules and regulations for the conduct and management of the schools." § 16-8-10, Code 1975. The Board has been granted broad discretionary powers in its dual role as manager of schools and employer of teachers. Accordingly, this court holds that a school *955 board, incidental to its statutory duties found in § 16-8-10, has the power and authority to adopt policies reached after consultation with support personnel, if the board determines in its discretion that implementation of those policies will more effectively and efficiently accomplish its objectives and purposes and the means selected are not prohibited by law or against public policy.
It is, therefore, the judgment of this court that the plethora of express statutory powers given to the Board is broad enough to support the trial court's holding that the policies dealing with the support employees were legally developed and adopted and that the Board is obligated to comply with the provisions of those policies to the extent they do not violate Alabama law. Furthermore, the trial court was correct in finding that the last sentence of § 1(E) of the WCESPO recommended policies (providing that changes in the policies must be approved by both parties) is illegal and of no effect. The Board's commitment to submit unresolved grievances to "advisory arbitration" (§ 19, IV(c) of the WCESPO policies) is binding when such grievances are voluntarily so submitted by the Board. As with the WCEA recommended policies (as discussed earlier in this opinion), the Board may unilaterally amend or modify the WCESPO policies after utilizing the same procedure employed by the Board and WCESPO in developing the current policies.
On the record before us, we hold that the trial court correctly ruled on the issues presented. The judgment is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.