STEAGALL, Justice.
Plaintiff Robert A. Kulp appeals from a summary judgment in favor of defendants United States Fidelity and Guaranty Company (“USF & G”) and the City of Fairfield in his suit for execution on the balance of a judgment he received against Fairfield for negligence. We affirm.
Kulp was injured on October 1, 1981, when his car collided with a fire engine owned and operated by Fairfield that was called to put out a fire on the median of Interstate Highway 59. In an action for damages to the truck filed by Fairfield, Kulp received a $200,000 judgment on his counterclaim against Fairfield based on negligence. (His wife received a judgment for $10,000 for loss of services and consortium.) On September 22, 1986, USF & G, Fairfield's insurer, deposited $110,071 with the circuit court clerk in satisfaction of the Kulps’ judgments and court costs. On October 20, 1986, the Kulps executed on that amount and on October 27,1986, Kulp filed suit against USF & G directly for the remaining $100,000. The trial court granted summary judgment in favor of USF & G on *967 May 14, 1987, limiting its liability to $100,-000.
Our decision in St. Paul Fire & Marine Insurance Co. v. Nowlin, [Ms. 86-50, July 8, 1988] (Ala.1988), where we determined the constitutionality and effect of Ala.Code 1975, § 11-93-2, is dispositive of this appeal. In that case, we upheld the constitutionality of § 11-93-2 and held that an insurer is not liable under its contract for insurance to pay more than what its insured is liable for as a governmental entity under the statute.[1] Because Fairfield is not liable for more than $100,000 under § 11-93-2, USF & G has fulfilled its contractual obligation to Fair-field in paying the $110,071 and is liable for no more of Kulp’s judgment.
Consequently, the trial court was correct in granting summary judgment in favor of USF & G, and we affirm that judgment.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.

. The potential aggregate liability of a governmental entity under § 11-93-2 is $300,000. In this case, Fairfield’s limit is $100,000 for bodily injury to one person in a single occurrence.