SHORES, Justice.
The City of Guin, Alabama, filed a declaratory judgment action against the Northwest Alabama Gas District. In the complaint, the City averred that the Dis *342 trict was carrying more liability insurance coverage than necessary, thus incurring a greater premium than necessary, and was thereby reducing the proceeds received by the City. The City sought to determine whether the District constitutes a “governmental entity” under § 11-93-1, Ala.Code 1975, and is, therefore, subject to § 11-93-2, which limits tort claims and judgments against local governmental entities. We affirm the judgment of the trial court and hold that the District is a governmental entity under § 11-93-1.
The District was incorporated pursuant to Act No. 762, Ala. Acts of 1951 (now § 11-50-390), which authorized two or more municipalities to create a gas district “as a public corporation of the State of Alabama.” Section 11-93-1 defines “governmental entity” as follows:
“(1) GOVERNMENTAL ENTITY. Any incorporated municipality, any county and any department, agency, board or commission of any municipality or county, municipal or county public corporations and any such instrumentality or instrumentalities acting jointly. ‘Governmental entity’ shall also include county public school boards, municipal public school boards and city-county school boards when such boards do not operate as functions of the state of Alabama. ‘Governmental entity’ shall also mean county or city hospital boards when such boards are instrumentalities of the municipality or county or organized pursuant to authority from a municipality or county.”
The specific inclusion of “municipal [and] county public corporations” in the enumeration of the various governmental entities convinces us that Northwest Alabama Gas District, which was formed as a public corporation by several municipalities, does fall within the purview and intended purpose of § 11-93-2, which limits the amount of damages recoverable against a government entity. See Nowlin v. Druid City Hosp. Bd., 475 So.2d 469 (Ala.1985); Kulp v. United States Fidelity & Guaranty Co., 529 So.2d 966 (Ala.1988); and Home Indem. Co. v. Anders, 459 So.2d 836 (Ala.1984).
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, J., concurs specially.