KENNEDY, Justice.
Deborah M. Stephens filed a lawsuit against the Guntersville Housing Authority, seeking damages for the alleged wrongful death of her minor children Jeffrey L. Stephens and Scotty L. Stephens. The children died in a fire in Ms. Stephens’s apartment, which is owned and operated by the Guntersville Housing Authority.
The sole issue to be determined in this case is whether the Guntersville Housing Authority is a “governmental entity” as defined by Ala.Code 1975, § 11-93-1, and is, therefore, subject to the effect of § 11- *888 93-2 which limits the amount of tort damages and the amount of money under settlements of tort claims that can be recovered against “governmental entities.” We reverse the judgment of the trial court and hold that the Guntersville Housing Authority is a governmental entity under § 11-93-1.
The housing authority was incorporated pursuant to Act No. 56, Ala. Acts of 1935 (now § 24-1-20 et seq.). Section 24-1-22(1) defines a “housing authority” as follows:
“A public body organized as a body corporate and politic in accordance with the provisions of this article for the purposes, with the powers and subject to the restrictions set forth.”
(Emphasis added.)
Section 11-93-1(1) defines “governmental entity” as follows:
“Any incorporated municipality, any county and any department, agency, board or commission of any municipality or county, municipal or county public corporations and any such instrumentality or instrumentalities acting jointly. ‘Governmental entity’ shall also include county public school boards, municipal public school boards and city-county school boards when such boards do not operate as functions of the state of Alabama. ‘Governmental entity’ shall also mean county or city hospital boards when such boards are instrumentalities of the municipality or county or organized pursuant to authority from a municipality or county.”
Initially, we note that the legislature, in enacting the housing authority act, stated that it is in the public interest to construct adequate housing for low income persons and that construction of such housing is a “public [use and purpose] for which public money may be spent.” Ala.Code 1975, § 24-1-21. The legislature further stated that “[t]he necessity in the public interest for this [act] is hereby declared as a matter of legislative determination.” § 24-1-21. See also Hamrick Const. Corp. v. Rainsville Housing Authority, 447 So.2d 1295 (Ala.1984) (use of housing authority property is a “public use”).
We find the language in § 24-1-22(1) defining a housing authority to be comparable to the language in Ala.Code 1975, § 11-50-391, which authorizes two or more municipalities to create a gas district and defines a gas district “as a public corporation.” In Northwest Alabama Gas District v. City of Guin, 569 So.2d 341 (Ala.1990), this Court held that a gas district is a “governmental entity” under § 11-93-KD:
“The specific inclusion of ‘municipal [and] county public corporations’ in the enumeration of the various governmental entities convinces us that Northwest Alabama Gas District, which was formed as a public corporation by several municipalities, does fall within the purview and intended purpose of § 11-93-2, which limits the amount of damages [and settlement money] recoverable against a government entity.”
569 So.2d at 342.
As stated, a “housing authority” is defined as a “public body organized as a body corporate and politic.” § 24-1-22(1). We hold that, because § 11-93-1(1) specifically includes “municipal [and] county public corporations” in the enumeration of various governmental entities, the Guntersville Housing Authority is a governmental entity and falls within the intended scope of § 11-93-2, which limits the amount of damages and settlement money recoverable against a government entity. See Northwest Alabama Gas District, supra. See also Roberts v. Fredrick, 295 Ala. 281, 328 So.2d 277 (1976) (a housing authority is an administrative agency of a city); Opinions of the Justices, No. 45, 235 Ala. 485, 179 So. 535 (1938) (real property owned by housing authority not subject to ad valo-rem taxes because the authority is a governmental agency).
REVERSED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ„ concur.