## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-IA-00629-SCT

*THE HOUSING AUTHORITY OF THE CITY OF JACKSON, MISSISSIPPI AND JOHN DOES 1-20*

*v.*

*MARIO D. LAMPLEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/18/97 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | EDWARD J. CURRIE, JR. |
| | WILTON J. JOHNSON, III |
| ATTORNEY FOR APPELLEE: | JOHN G. HOLADAY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | VACATED AND REMANDED - 11/24/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/15/99 |

## EN BANC.

## BANKS, JUSTICE, FOR THE COURT:

¶1. This interlocutory appeal raises the issue of whether proper notice was given under the Torts Claims Act where the notice was filed with the then Mayor of the City of Jackson as opposed to the chief executive officer of the governmental agency being sued. Because during the pendency of this appeal this Court has rendered a number of decisions concerning the notice requirement in the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 1999), we deem it prudent to vacate the judgment below on the issue and remand this matter to the trial court so that the issue may be revisited in light of those intervening decisions.

## I.

¶2. The facts leading to the instant matter are not in dispute. On or about May 31, 1995, Mario Lampley went to visit relatives at the Willow Grove Apartment Complex located at 3855 Yarbro Street, Jackson, Mississippi. At about 4:00 p.m., Lampley and his cousin were standing in a common area of the complex when three cars drove up in the parking area. There were about eight people in the cars. Lampley did not recognize any of them. They appeared to have been drinking. Some of the people approached Lampley and Gray. They began talking to Gray. Gray introduced one of the individuals to Lampley. One of the occupants of the car, William Chancellor, began accusing Lampley of threatening his life. He accused Lampley of having a gun in his trunk. Lampley denied this allegation and decided that it would be best to leave. As he walked to the door of his car, Chancellor shot him in the back. Lampley is permanently paralyzed from the

waist down due to the injury.

¶3. The Willow Grove Apartment Complex is owned, possessed, controlled and managed by the Housing Authority of the City of Jackson (hereinafter "the Housing Authority"). The Housing Authority conducted an investigation of the incident and sent a letter to its insurance agent about the incident, stating that a claim under the policy might result.

¶4. Lampley contends that on December 7, 1995, he sent a notice of claim pursuant to Miss. Code Ann. § 11-46-11 (Supp. 1999), to the then Mayor of the City of Jackson, Kane Ditto. On April 5, 1996--after the prescribed ninety-day waiting period following notice of claim--Lampley filed suit against the Housing Authority and served the complaint and summons on the City Clerk.

¶5. On April 11, 1996, the Housing Authority sent another letter to its insurance agent notifying him of the lawsuit. On April 19, 1996, Lampley received notice from counsel, Edward Currie, Jr., that he would be defending the Housing Authority. On April 29, 1996, the Housing Authority filed a motion to dismiss the complaint, alleging improper service of process on the City Clerk. On May 8, 1996, Lampley served the complaint and summons on the Housing Authority's attorney (Currie) and its chairperson (Zenotha Robinson). Following the service on the chairperson, counsel for the Housing Authority notified Lampley that a hearing on the motion to dismiss was unnecessary.

¶6. On June 3, 1996, the Housing Authority filed its answer to the complaint, asserting for the first time that the Housing Authority had not received proper notice of the claim under Miss. Code Ann. § 11-46-11. On October 1, 1996, the Housing Authority filed a motion for summary judgment and request to certify the matter for interlocutory appeal. The Hinds County Circuit Court denied the motion and request on May 9, 1997. On May 23, 1997, the Housing Authority filed a petition for interlocutory appeal before this Court. The petition was granted on August 8, 1997.

## II.

¶7. The central point of contention in this matter is whether Lampley failed to comply with the notice of claim requirement under Miss. Code Ann. § 11-46-11 when he served the notice of claim on the Mayor of the City of Jackson. Lampley asserts that the Mayor is the chief executive officer of the Housing Authority because the Housing Authority is a subdivision of the City of Jackson. The Housing Authority argues to the contrary. Lampley further asserts that the Housing Authority waived the notice of claim defense by concealing the same. Also, Lampley urges this Court to reconsider its view that § 11-46-11 requires strict compliance or, at the very least, create a public policy substantial compliance exception to the statute. Finally, Lampley asserts that § 11-46-11 is unconstitutional as it creates an impermissible distinction between individuals injured at the hands of a governmental tortfeasor as opposed to those injured at the hands of a private tortfeasor. In addition, he contends the statute is impermissibly vague.

¶8. Miss. Code Ann. § 11-46-11 (Supp. 1999) provides in pertinent part:

> any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity. . . .

Section 11-46-1 (g)(Supp. 1999) defines "governmental entity" as "the state and political subdivisions," and

political subdivisions are defined as:

> any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including but not limited to any county, municipality, school district, community hospital . . . airport authority or other instrumentality thereof, whether or not such body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name.

*Id*. § 11-46-1 (i). Section 11-46-11(i) expressly requires that the "chief executive officer" of a governmental entity be granted notice of a pending suit at least ninety days before a suit for damages is filed. Although not applicable here, the 1999 amendment to section 11-46-11(i) adds additional officials to whom notice may be given for governmental entities.

¶9. In *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237, 1240 (Miss. 1998), we noted the purpose of the Tort Claims Act's notice requirement is to inform an agency of claims against it in a timely manner. As such, notice sufficiently complies with the statute's requirements when it is served on any of the following persons: "president of the board, chairman of the board, any board member, secretary of a board, or such other person employed in an executive capacity by a board or commission who can be reasonably expected to notify the governmental entity of its potential liability." *Id.*

¶10. The plaintiff in *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999), filed a claim to recover for injuries sustained in an accident. The claim was filed with the city clerk on a form provided by the city clerk, and with the assistance of the city clerk. The parties actively engaged in settlement negotiations; but when negotiations broke down Carr filed suit. Shubuta filed a motion for summary judgment claiming, *inter alia*, that the notice did not contain a claim for a liquidated amount of damages. This Court held that the notice was sufficient where it substantially complied with the content requirements of the Act. *Id.* at 266. In so holding this Court stated:

> The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary where such purpose has in fact been satisfied. . . .

*Id.* at 263 (quoting *Collier v. Prater*, 544 N.E. 2d 497, 498 (Ind. 1989) (emphasis in original omitted).

¶11. The parties make much ado about whether the Housing Authority and the Mayor of the City of Jackson are one in the same or if the Housing Authority is a separate governmental entity. Miss. Code Ann. § 43-33-5 (1993), states that the Housing Authority is to be "a public body corporate and politic." Although this issue has never been addressed by this Court, other jurisdictions, whose statutes similarly describe their Housing Authorities, have held them to be separate body politics. *See, e.g., Guntersville Hous. Auth. v. Stephens*, 585 So. 2d 887, 888 (Ala. 1991) (defining a "housing authority" as a "public body organized as a body corporate and politic"); *Zuniga v. Housing Auth.*, 48 Cal. Rptr. 2d 353, 367 (Cal. Ct. App. 1995) ("The Housing Authority of the City of Los Angeles was organized to function as a state agency and not an agent of the city in which it functions[,]" (quoting *Housing Auth. v. City of L.A.*, 243 P.2d 515, 519 (Cal. 1952)) 'Each functioning body, the city and the housing authority, is a separate body politic vested with specific duties and powers. . . .'"); *Gordon v. Bridgeport Hous. Auth.*, 544 A. 2d 1185, 1192-95 (Conn. 1988) (stating that the Housing Authority is a separate corporate entity from the City of Bridgeport).

¶12. While a similar decision concerning the instant housing authority may be indicated, we withhold judgment, at least in so far as the notice provisions of the MTCA are concerned, pending further action of the trial court. In addition to *Reaves* and *Carr* we have decided the following MTCA notice cases during the pendency of this appeal. *Smith County Sch. Dist. v. McNeil*, No. 97-IA-0748-SCT, 1999 WL 649654 (Miss. Aug. 26, 1999); *McNair v. University of Miss. Med. Ctr.*, No. 98-CA-00506-SCT, 1999 WL 353217 (Miss. June 3, 1999); *Jackson v. City of Booneville*, No. 1998-CA-01258-SCT, 1999 WL 315421 (Miss. May 20, 1999); *City of Pascagoula v. Tomlinson*, No. 97-IA-00845-SCT, 1999 WL 298514 (Miss. May 13, 1999); *Thornburg v. Magnolia Reg'l Health Ctr.*, No. 1998-CA-01287-SCT, 1999 WL 298627 (Miss. May 13, 1999); *Tennessee Valley Reg'l Hous. Auth.*, No. 98-IA-00319-SCT, 1999 WL 275324 (Miss. May 6, 1999); *Ferrer v. Jackson County Bd. of Supervisors*, No. 97-CA-01063-SCT, 1999 WL 250983 (Miss. Apr. 29, 1999); *Lattimore v. City of Laurel*, 735 So. 2d 400 (Miss. 1999); *Brewer v. Burdette*, No. 97-CA 01016-SCT, 1999 WL 216842 (Miss. Apr. 15, 1999); *Alexander v. Mississippi Gaming Comm'n*, 735 So. 2d 360 (Miss. 1999); *Ellisville State School v. Merrill*, 732 So. 2d 198 (Miss. 1999); *Robinson v. Singing River Hosp. Sys.*, 732 So. 2d 204 (Miss. 1999); *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199 (Miss. 1999). It is the application of these cases to the facts here regarding notice which we direct to the trial court in the first instance.

## CONCLUSION

¶13. For these reasons, we vacate the judgment of the Hinds County Circuit Court and remand for further proceedings consistent with this opinion.

¶14. **VACATED AND REMANDED.**

> **PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., AND COBB, J., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, J. McRAE AND WALLER, JJ., NOT PARTICIPATING.**

> **SMITH, JUSTICE, DISSENTING:**

¶15. The majority vacates and remands the decision of the trial court and in the process avoids addressing the first impression issue which should be controlling in this case, i.e., whether notice of claim pursuant to Miss. Code Ann. § 11-46-11 which was served on the Jackson Housing Authority by allegedly sending a letter to then City of Jackson Mayor Kane Ditto is sufficient substantial compliance when the Jackson Housing Authority is by statute a separate governmental entity requiring service of the notice upon someone in authority of that separate entity. Miss. Code Ann. § 43-33-5 (1993).

¶16. The majority correctly recognizes that the Legislature's 1999 amendment to § 11-46-11(i) which adds additional officials to whom notice may be given for governmental entities does not apply to the case at bar. The majority then merely supplies a list of the numerous recent decisions of this Court concerning notice under the MTCA, many of which apply the substantial compliance rule first adopted by this Court in *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237, 1240 (Miss. 1998). Absent addressing the primary question at bar, these cases are of no help to Lampley because there can be no substantial compliance regarding notice based on the facts set out in this case. The majority simply remands without further

direction to the trial court. The majority should address the primary question which was squarely before the trial judge and also before us. I disagree and accordingly dissent.

¶17. The majority notes the importance of this first impression issue, but nonetheless, decides to "withhold judgment, at least insofar as the notice provisions of the MTCA are concerned." Majority Op. at 6. This Court should decide this critical controlling issue squarely before us at this time. Failure to do so will result in the recurrence of the identical issue, which will once again be before this Court on appeal.

¶18. In my view, the Jackson Housing Authority operating the Willow Grove Apartment Complex where this incident occurred is clearly a separate governmental entity. Our Legislature has deemed such entity to be "a public body corporate and politic." Miss. Code Ann. § 43-33-5 (1993). Our sister states with similar statutes which have addressed this issue have held that, in fact, housing authorities are separate body politics. *Guntersville Hous. Auth. v. Stephens*, 585 So. 2d 887, 888 (Ala. 1991) (holding by definition that a "housing authority" is a "public body organized as a body corporate and politic"); *Zuniga v. Housing Auth.*, 48 Cal. Rptr. 2d 353, 367 (Cal. Ct. App. 1995)("The Housing Authority of the City of Los Angeles was organized to function as a state agency and not an agent of the city in which it functions") (quoting *Housing Auth. v. City of L.A.*, 243 P.2d 515, 519 (Cal. 1952); *Gordon v. Bridgeport Hous. Auth.*, 544 A.2d 1185, 1192-95 (Conn. 1988) (where housing authority is defined as a separate corporate entity from the City of Bridgeport).

¶19. I would adopt the view of our sister states and hold that in the case at bar, the Jackson Housing Authority is a separate legal public body, both "corporate and politic" from the City of Jackson, and as such separate body, someone in authority in that entity should have been served the notice. Lampley admits that the only notice given was sent to the City of Jackson, and even that is in dispute. There are three affidavits filed which clearly support the position of the Housing Authority. Lampley failed to serve notice on the Housing Authority within the time period mandated by statute, and the statute of limitations has run as of May 31, 1996. Lampley's action is time-barred. This Court should reverse and render.

¶20. I respectfully dissent.

**MILLS, J., JOINS THIS OPINION.**