SMITH, Justice,
dissenting:
¶ 15. The majority vacates and remands the decision of the trial court and in the process avoids addressing the first impression issue which should be controlling in this case, i.e., whether notice of claim pursuant to Miss.Code Ann. § 11-46-11 which *138 was served on the Jackson Housing Authority by allegedly sending a letter to then City of Jackson Mayor Kane Ditto is sufficient substantial compliance when the Jackson Housing Authority is by statute a separate governmental entity requiring service of the notice upon someone in authority of that separate entity. Miss.Code Ann. § 43-33-5 (1993).
¶ 16. The majority correctly recognizes that the Legislature’s 1999 amendment to § 11-46-11© which adds additional officials to whom notice may be given for governmental entities does not apply to the case at bar. The majority then merely supplies a list of the numerous recent decisions of this Court concerning notice under the MTCA, many of which apply the substantial compliance rule first adopted by this Court in Reaves ex rel. Rouse v. Randall, 729 So.2d 1237, 1240 (Miss.1998). Absent addressing the primary question at bar, these cases are of no help to Lampley because there can be no substantial compliance regarding notice based on the facts set out in this case. The majority simply remands without further direction to the trial court. The majority should address the primary question which was squarely before the trial judge and also before us. I disagree and accordingly dissent.
¶ 17. The majority notes the importance of this first impression issue, but nonetheless, decides to “withhold judgment, at least insofar as the notice provisions of the MTCA are concerned.” Majority Op. at 6. This Court should decide this critical controlling issue squarely before us at this time. Failure to do so will result in the recurrence of the identical issue, which will once again be before this Court on appeal.
¶ 18. In my view, the Jackson Housing Authority operating the Willow Grove Apartment Complex where this incident occurred is clearly a separate governmental entity. Our Legislature has deemed such entity to be “a public body corporate and politic.” Miss.Code Ann. § 43-33-5 (1993). Our sister states with similar statutes which have addressed this issue have held that, in fact, housing authorities are separate body politics. Guntersville Hous. Auth. v. Stephens, 585 So.2d 887, 888 (Ala.1991) (holding by definition that a “housing authority” is a “public body organized as a body corporate and politic”); Zuniga v. Housing Auth., 41 Cal.App.4th 82, 48 Cal. Rptr.2d 353, 367 (1995)(“The Housing Authority of the City of Los Angeles was organized to function as a state agency and not an agent of the city in which it functions”)(quoting Housing Auth. v. City of L.A., 38 Cal.2d 853, 243 P.2d 515, 519 (1952); Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 544 A.2d 1185, 1192-95 (1988) (where housing authority is defined as a separate corporate entity from the City of Bridgeport)).
¶ 19.1 would adopt the view of our sister states and hold that in the case at bar, the Jackson Housing Authority is a separate legal public body, both “corporate and politic” from the City of Jackson, and as such separate body, someone in authority in that entity should have been served the notice. Lampley admits that the only notice given was sent to the City of Jackson, and even that is in dispute. There are three affidavits filed which clearly support the position of the Housing Authority. Lampley failed to serve notice on the Housing Authority within the time period mandated by statute, and the statute of limitations has run as of May 31, 1996. Lampley’s action is time-barred. This Court should reverse and render.
¶ 20.1 respectfully dissent.
MILLS, J., JOINS THIS OPINION.